UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Edwin H. Lund                                                    Docket Number: 06-cr-00171-WDM-01

### Petition on Supervised Release

COMES NOW, Kathleen A. Keenan, probation officer of the Court, presenting an official report upon the conduct and attitude of Edwin H. Lund, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the court at Erie, Pennsylvania, on the 22nd day of October, 2001, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall not possess a firearm or destructive device.
2. The defendant shall not illegally possess a controlled substance.
3. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The restitution shall be paid in monthly installments of not less than 10 percent of his gross monthly income, to begin within 30 days of his release from incarceration.
4. The defendant shall provide the probation officer with access to any requested financial information.
5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
6. The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision, and at least two periodic tests thereafter.

**On May 1, 2006, jurisdiction over the above-named supervised releasee was transferred from the Western District of Pennsylvania to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a violation of supervised release hearing.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 8th day of June, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | /s/Kathleen A. Keenan |
| s/ Walker D. Miller | Kathleen A. Keenan<br>Senior Probation Officer |
| Walker D. Miller<br>United States District Judge | Place: Colorado Springs, Colorado<br><br>Date: June 2, 2006 |

## ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the Conditions of Supervised Release signed by the defendant on January 5, 2005. His signature on this occasion acknowledged that the conditions had been read and explained to him, that he fully understood said conditions, and that he was provided with a copy of them. The term of supervised release commenced on January 4, 2005.

The defendant has committed the following violations of supervised release:

### 1.     FAILURE TO PAY RESTITUTION AS DIRECTED:

The defendant has failed to make payments toward his restitution on September 5, 2005; October 5, 2005; November 5, 2005; December 5, 2005; January 5, 2006; and February 5, 2006, as directed by the Court/probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 4, 2005, the defendant signed a payment plan directing him to make monthly installments toward restitution of at least 10% of his gross income by the 5th of each month as outlined in the Judgment. In the months of August, September, October, November, December, 2005, and January 2006, the defendant reported on his monthly supervision report that he made payments toward restitution as directed. According to the Financial Litigation Unit of the United States Attorney's Office, Western District of Pennsylvania, the defendant failed to make restitution payments in the months listed above.

The defendant reported on his monthly supervision report for the month of August 2005, that he made a payment of $150.00 toward restitution. On his monthly report form for the month of September 2005, the defendant reported he made a payment of $155.00 on October 5, 2005, toward restitution. On the defendant's monthly report form for the month of October 2005, submitted on November 8, 2005, the defendant reported he made a payment of $150.00 toward restitution on November 5, 2005. His monthly report form for the month of November 2005, reflected that he made a payment of $155.00 toward restitution on December 5, 2005. The defendant failed to make a payment in January 2006, and his monthly report form for the month of December 2005, reports no payment being made toward restitution as directed. The defendant submitted his January 2006 report form on February 8, 2006, and reported a payment of $200 toward restitution was made on February 4, 2006, and he noted that, "sorry, receipt to follow." According to the Financial Litigation Unit of the United States Attorney's Office, Western District of Pennsylvania, the above payments were not made. The last payment toward restitution made by the defendant was on August 23, 2005.

On February 22, 2006, I attempted to reach the defendant and left a message on his cell phone advising him that the Financial Litigation Unit of the Western District of Pennsylvania had reported that he had not made a restitution payment as reported since August 2005. On February 23, 2006, I met with the defendant and he admitted that he failed to pay restitution as directed and had made false statements concerning payment of restitution on his monthly supervision reports. The defendant stated that on February 22, 2006, he sent in a payment for $620.00 towards restitution to correct this error.

According to the defendant's pay statements his gross earnings and required payments toward restitution are as follows:

| Month | Gross Income | Required Payment |
| --- | --- | --- |
| August 2005 | $1,341.99 | $134.20 |
| September 2005 | $1,175.66 | $117.57 |
| October 2005 | $1,020.04 | $102.00 |
| November 2005 | $2,750.20 | $275.07 |
| December 2005 | $2,153.84 | $215.39 |
| January 2006 | $2,152.00 | $215.20 |
| February 2006 | $2,576.00 | $257.60 |
| **Total** | **$13,169.73** | **$1,316.97** |

As noted above, the defendant made a $620.00 payment on February 22, 2006, to cover the false statements provided in his monthly report forms. However, based on his gross income, restitution in the amount of $1,316.97 was owed for the months of August 2005 through February 2006. On March 6, 2006, the defendant made a $200 payment toward restitution for the amount owed on March 5, 2006. However, as noted above, the defendant owed $257.60 on March 5, 2006, based on his earnings in February 2006.

In August 2005, the defendant completed a Declaration of Net Worth and Cash Flow Statement and provided requested financial information. The defendant refused to provide any financial information concerning his wife and noted on his August 31, 2005 statement, "Per attorney, I cannot disclose my spouse's finances in anyway!" When questioned concerning his finances, the defendant reported that he provided his entire earned income to his wife and she paid the bills except for his restitution. The defendant reported he paid restitution as court ordered and had the ability to continue to do so. At no time did the defendant report he did not have the ability to pay restitution as directed.

## 2. **FALSIFYING WRITTEN REPORTS:**

On or about September 16, 2005, the defendant submitted a written report which reflected that he made a restitution payment of $150.00; when, in fact, he failed to make a restitution payment as directed, which constitutes a Grade C violation of supervised release.

On or about October 5, 2005, the defendant submitted a written report which reflected that he made a restitution payment of $155.00; when, in fact, he failed to make a restitution payment as directed, which constitutes a Grade C violation of supervised release.

On or about November 8, 2005, the defendant submitted a written report which reflected that he made a restitution payment of $150.00; when, in fact, he failed to make a restitution payment as directed, which constitutes a Grade C violation of supervised release.

On or about December 5, 2005, the defendant submitted a written report which reflected that he made a restitution payment of $155.00; when, in fact, he failed to make a restitution payment as directed, which constitutes a Grade C violation of supervised release.

On or about February 8, 2006, the defendant submitted a written report which reflected that he made a restitution payment of $200.00; when, in fact, he failed to make a restitution payment as directed, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 5, 2005, the defendant's conditions of supervised release were read and fully explained to him and he was provided with a copy of them. He was provided with monthly report forms and instructed to submit a monthly report form by the 5th of each month beginning February 5, 2005. The defendant was also advised that the information provided in the monthly report form was to be factual, and I pointed out the statement on the form that reflects any false statements may result in revocation of supervised release in addition to 5 years imprisonment, a $250,000 fine, or both.

The defendant reported on his monthly supervision report for the month of August, 2005, that he made a payment of $150.00 toward restitution. On his monthly report form for the month of September 2005, the defendant reported he made a payment of $155.00 on October 5, 2005, toward restitution. On the defendant's monthly report form for the month of October 2005, submitted on November 8, 2005, the defendant reported he made a payment of $150.00 toward restitution on November 5, 2005. His monthly report form for the month of November 2005, reflected that indicated he made a payment of $155.00 toward restitution on December 5, 2005. The defendant failed to make a payment in January 2006, and his monthly report form for the month of December 2005, reports no payment being made toward restitution as directed. The defendant submitted his January 2006 report form on February 8, 2006, and reported a payment of $200 toward restitution was made on February 4, 2006, and he noted that, "sorry, receipt to follow."

According to the Financial Litigation Unit of the United States Attorney's Office, Western District of Pennsylvania, the above payments were not made. The last payment toward restitution made by the defendant was on August 23, 2005.

On February 22, 2006, I attempted to reach the defendant and left a message on his cell phone advising him that the Financial Litigation Unit of the Western District of Pennsylvania had reported that he had not made a restitution payment as reported since August 2005. On February 23, 2006, I met with the defendant and he admitted that he failed to pay restitution as directed and had made false statements concerning payment of restitution on his monthly supervision reports. The defendant stated that on February 22, 2006, he sent in a payment for $620.00 toward restitution to correct this error.

### 3.  FALSIFYING WRITTEN REPORT:

On or about February 8, 2006, the defendant submitted a written report which indicated that he was employed by Liberty Tax, 1716 Corporate Landing Parkway, Virginia Beach, VA 23454; and his direct supervisor was Bill Seabright; when, in fact, he was employed by Edward Bernica, at Liberty Tax, 7424B S. University Blvd., Centennial, Colorado 80122, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 23, 2005, the defendant was hired by Liberty Tax, 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. On January 13, 2006, the franchise located at 7424B S. University Blvd., Centennial, Colorado 80122, the office where the defendant had been working was sold to Edward Bernica. The defendant failed to note this change of employment status on his monthly report form. In addition, the defendant reported his direct supervisor was Bill Seabright, an employee that had been terminated by Liberty Tax in mid January 2006. In a statement signed by the defendant on March 3, 2006, the defendant acknowledges that he began working for Mr. Bernica on January 13, 2006. When asked, the defendant did not provide an explanation as to why he failed to notify me of the name of his new employer.

### 4.  FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER:

On or about November 1, 2005, the defendant was instructed by the probation officer to disclose his status on supervision and conviction to his immediate supervisor, and to have his supervisor send me documentation that he had been notified so that I could follow up and verify disclosure had been made. The defendant failed to follow this instruction, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On November 1, 2005, the defendant notified me that he had been hired by Liberty Tax and his direct supervisor would be Bill Seabright. I instructed the defendant to disclose to Mr. Seabright

his status on supervision and the nature of his conviction. In addition, I instructed the defendant to have Mr. Seabright send me a letter noting that disclosure had been made. I would then follow up and verify disclosure was made.

On December 5, 2005, I met with the defendant and inquired as to why I had not yet received a letter from Mr. Seabright and if he had made disclosure as I had instructed him. The defendant reported that he had disclosed the requested information to Mr. Seabright and he would get me a letter verifying that he had done so. On December 21, 2005, I received a letter, not on letterhead, signed by Bill Seabright, addressed "To Whom it May Concern." The letter outlined the defendant's duties, but there was no indication that the disclosures I instructed the defendant to make had been done. On January 20, 2006, February 2, 2006, and again on February 21, 2006, I attempted to reach Mr. Seabright. I left messages and he failed to return my calls. On February 23, 2006, I met with the defendant and asked him who his supervisor was and he stated Bill Seabright was his supervisor. The defendant further reported that he had made full disclosure of his situation to Mr. Seabright and Mr. Seabright was aware of his status on supervision and his conviction. I told him the letter I received did not appear legitimate and told him if I did not hear from Mr. Seabright by February 24, 2006, that he would be required to terminate his employment position. On February 24, 2006, I did not hear from Mr. Seabright.

On February 28, 2006, the defendant left me a voice message which reflected that he had heard on February 23, 2006, that Mr. Seabright had been terminated from Liberty Tax. I contacted the Human Resources office at Liberty Tax and Karen Robinson informed me that Mr. Seabright had been terminated from Liberty Tax in mid January 2006. Ms. Robinson also advised that the defendant was fully aware of this as the office where he worked had been sold to Edward Bernica, and the defendant was now employed by him, not by the corporate office of Liberty Tax. She stated the franchise had been sold on January 13, 2006, and the defendant's last pay period with them ended on January 14, 2006.

In addition, I requested information from the defendant's personnel file to reflect that they had been aware of his status on supervision and his conviction. Ms. Robinson reported that the defendant was interviewed by phone by Bill Seabright and there was no reflection of any disclosure of the defendant's criminal record and/or status on federal probation in Mr. Seabright's notes. In addition, Mr. Seabright did not disclose this information to his direct supervisor and/or Human Resources, which is required by company policies. There is also a company policy not to hire any individuals that have felony convictions for any financial crimes. If the defendant had disclosed his background as the defendant states he did, he would not have been able to continue his employment with Liberty Tax. The defendant reported he did disclose his background to Mr. Seabright even though all records reflect that he did not.

On March 1, 2006, I contacted Edward Bernica, the owner of the Liberty Tax franchise where the defendant reported he was working. Mr. Bernica reported that he bought the franchise on January 13, 2006, and hired the defendant. The defendant had not told him anything about his status on federal supervision and/or his conviction. In addition, there was no information concerning this in the documentation he inherited with the company. Based on the defendant's failure to disclose his background, Mr. Bernica terminated the defendant's employment on

March 3, 2006. When asked, the defendant reported that he did not disclose his background as instructed to Mr. Bernica because he thought his employment might be terminated.

**5.      FAILURE TO PAY RESTITUTION AS DIRECTED:**

The defendant failed to make a restitution payment on May 5, 2006, as directed by the Court/probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 1, 2006, the defendant submitted his monthly supervision report for the month of April 2006, reporting income of $242.00 in unemployment compensation. The defendant failed to pay 10% of this income toward restitution per the Judgment in this case. The defendant has not made a restitution payment since April 28, 2006. It should be noted the April 28, 2006, restitution payment in the amount of $110.00 was for the remaining balance owed for February 2006.